IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CLAUDE FRAZIER AND ALL OTHER PERSONS SIMILARLY SITUATED | CIVIL ACTION NO.: 05-1338-JJB-SCR |
| VERSUS | SECTION: D |
| PIONEER AMERICAS, LLC AND STATE OF LOUISIANA THROUGH THE DEPARTMENT OF ENVIRONMENTAL QUALITY (DEQ) | JUDGE BRADY<br><br>MAGISTRATE RIEDLINGER |

*******************************************************

## ANSWER TO CLASS ACTION COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Defendant, STATE OF LOUISIANA, through the DEPARTMENT OF ENVIRONMENTAL QUALITY ("DEQ"), who, in response to the Class Action Petition for Damages, respectfully avers as follows:

### JURISDICTION OF THE COURT

The State of Louisiana, through the Department of Environmental Quality, hereby waives any objection which it may have under the Eleventh Amendment to the United States Constitution to the jurisdiction of the federal courts with respect to this particular lawsuit. However, as set forth in Memoranda previously filed herein, DEQ maintains that the claims asserted against it represent an impermissible collateral attack upon matters which are subject to DEQ's exclusive regulatory jurisdiction, and that such claims should be dismissed accordingly.

## RESPONSE TO ALLEGATIONS

1.

The allegations of Paragraph 1 require no response; however, in the event a response is required, DEQ admits it is a state agency which may be served through its secretary.

2.

The allegations of Paragraph 2 are denied.

3.

The allegations of Paragraph 3 are admitted.

4.

The allegations of Paragraph 4 contain legal conclusions which require no response; however, in the event a response is required, DEQ submits that its functions and authority are established by law, and that it was not required to issue any warning to the Plaintiffs. Any remaining allegations of Paragraph 4 are denied.

5.

The allegations of Paragraph 5 are denied. DEQ had no knowledge of the un-permitted emissions from the Pioneer Americas, LLC property until after such emissions had ceased. Upon review of the emissions levels, it was determined that mercury levels in the ambient air near the Pioneer Americas, LLC plant did not exceed the applicable health and safety standard.

6.

The allegations of Paragraph 6 are denied.

7.

The allegations of Paragraph 7 are denied.

8.

The allegations of Paragraph 8 contain conclusions of law which require no response; however, in the event a response is required, the allegations of Paragraph 8 are denied.

9.

The allegations of Paragraph 9 are denied as written. It is admitted that Pioneer Americas, LLC produced mercury emissions exceeding the limits allowed by its state permit; DEQ denies for lack of sufficient information to justify a belief therein all allegations concerning when such emissions were discovered by Plaintiffs or any putative class members.

10.

The allegations of Paragraph 10 are denied.

11.

The allegations of Paragraph 11 are denied as written. Mercury vapor is not toxic at the concentrations which would have been produced in the adjoining neighborhood by the Pioneer Americas, LLC permit violations. It is specifically denied that any Plaintiffs or putative class members suffered any injury as a result of permit violations by Pioneer Americas, LLC. Any remaining allegations of Paragraph 11 are denied.

12.

The allegations of Paragraph 12 are denied.

13.

It is admitted that Pioneer Americas, LLC failed to properly maintain its equipment and failed to comply with its air emissions permit. Any remaining allegations of Paragraph 13 are denied.

14.

DEQ admits that the release of mercury was caused by the fault of Pioneer Americas, LLC. Any remaining allegations of Paragraph 14 are denied.

15.

The allegations of Paragraph 15 are denied.

16.

The allegations of Paragraph 16 are denied.

17.

The allegations of Paragraph 17 are denied.

18.

The allegations of Paragraph 18 are denied.

19.

The allegations of Paragraph 19 are denied.

20.

The allegations of Paragraph 20 contain predictions of future events which require no response. However, the event a response is required, the allegations of Paragraph 20 are denied.

21.

The allegations of Paragraph 21 are denied.

22.

The allegations of Paragraph 22 are denied.

23.

The allegations of Paragraph 23 are denied.

## AFFIRMATIVE DEFENSES

24.

DEQ is entitled to discretionary immunity under R.S. 9:2798.1 for its decisions regarding monitoring of air emissions, application of health standards, and issuance of any notice regarding air emissions.

25.

Plaintiffs' injuries, if any, were caused by the fault of third parties for whom DEQ is not responsible.

WHEREFORE, the STATE OF LOUISIANA, through the DEPARTMENT OF ENVIRONMENTAL QUALITY, prays that after due proceedings had herein, there be Judgment in its favor, dismissing the claims of Plaintiffs, with prejudice, and at Plaintiffs' cost.

**Respectfully submitted,**

**HONORABLE CHARLES C. FOTI, JR.**
**Attorney General**

BY: _____
WILLIAM M. HUDSON, III (#1970)
CLIFTON O. BINGHAM, JR. (#3052)
PATRICK B. MCINTIRE (#17052)
DAVID A. PETERSON (#22591)
**Special Assistant Attorney General**
**OATS & HUDSON**
**A Partnership of Professional Corporations**
Gordon Square, Suite 400
100 E. Vermilion Street
Lafayette, LA 70501
Telephone: 337-233-1100
Facsimile: 337-233-1178

**COUNSEL FOR LOUISIANA DEPARTMENT**
**OF ENVIRONMENTAL QUALITY**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Answer to Class Action Complaints for Damages has this date been forwarded to all known counsel of record by placing same in the United States Mail, postage prepaid and properly addressed to them.

Lafayette, Louisiana, this 5 day of April, 2006.

_____
PATRICK B. MCINTIRE