IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CLAUDE FRAZIER AND ALL OTHER PERSONS SIMILARLY SITUATED | CIVIL ACTION NO.: 05-1338-JJB-SCR |
| VERSUS | SECTION: D |
| PIONEER AMERICAS, LLC AND STATE OF LOUISIANA THROUGH THE DEPARTMENT OF ENVIRONMENTAL QUALITY (DEQ) | JUDGE BRADY<br>MAGISTRATE REIDLINGER |

*************************************************

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

**MAY IT PLEASE THE COURT:**

Defendant, the LOUISIANA DEPARTMENT OF ENVIRONMENTAL QUALITY ("DEQ"), has filed a Motion to Dismiss for failure to state a claim upon which relief can be granted with respect to the Plaintiffs' claims against it. DEQ has consented to the jurisdiction of this Honorable Court for purposes of the Eleventh Amendment to the U.S. Constitution. However, this suit touches upon matters which, under state law, fall within the exclusive jurisdiction of DEQ as a regulatory agency. This motion raises issues which were addressed in DEQ's opposition to the Plaintiffs' Motion to Remand this case to state court. This Honorable Court did not find it necessary to address those issues in order to decide the Motion to Remand. However, now that the remand has been denied, the validity of the claims against DEQ may be put squarely before the Court.

This Honorable Court has subject matter jurisdiction over this case based upon diversity of citizenship, as expanded by the Class Action Fairness Act. Thus, under the *Erie* doctrine, this Court finds itself applying the substantive law of Louisiana. *International Insurance Co. v. RSR*

*Page 1 of 6*

*Corporation,* 426 F.3d 281, at 291 (5 Cir. 2005). One of the questions which a state court would face is whether or not the claims made by the Plaintiffs against DEQ state a cause of action for which relief can be granted.

In this case, the Plaintiffs allege that DEQ failed to properly monitor the Pioneer Americas, LLC emissions, and that DEQ failed to warn the Plaintiffs when Pioneer's mercury emissions exceeded its permit limits. For the reasons set forth below, Plaintiffs do not have a cause of action against DEQ for damages allegedly caused by Pioneer's excess mercury emissions. As the regulatory agency over environmental matters, DEQ has the right to proceed against Pioneer in whatever fashion DEQ deems appropriate. If Plaintiffs are unhappy with DEQ's exercise of its regulatory jurisdiction, they are not allowed to sue DEQ in tort for damages caused by Pioneer. Any endeavor to shift some portion of the liability for any damages from Pioneer to DEQ is contrary to the public policy of the State of Louisiana. Plaintiffs' claims against DEQ must be dismissed.

The Legislature of the State of Louisiana has given DEQ exclusive subject matter jurisdiction over all public regulatory issues raised in Plaintiffs' Petition as claims against DEQ. In DEQ's Memorandum in Opposition to Motion to Remand (Document #10), we discussed how Article IX, Section 1 of the Louisiana Constitution gave the Legislature the power to enact laws under the Public Trust Doctrine to protect the environment consistent with the health, safety and welfare of the people. Pursuant to this authority, the Legislature created DEQ and other state agencies, such as the Department of Natural Resources. See La. R.S. 30:2003 and 30:2051, et seq. Within its legislatively designated sphere of operation, DEQ was given exclusive regulatory jurisdiction over environmental matters. This grant of regulatory jurisdiction to DEQ is a clear manifestation of the Legislature's intention "to pre-empt such field in its entirety." *Desormeaux Ent. v. Village of Mermentau,* 568

So.2d 213, 215 (La. App. 3 Cir. 1990). The Louisiana Supreme Court has held that regulatory matters, such as permitting of waste disposal or air emissions, did not exist as traditional civil matters at the time of the passage of the 1974 Louisiana Constitution and had never been delegated in the first instance to the judicial branch. *In the Matter of American Waste & Pollution Control Co.*, 588 So.2d 367 (La. 1991).

The Plaintiffs herein, unhappy with how DEQ has monitored the Pioneer site, and unhappy with how DEQ dealt with the issue of public notice, are asking the Court to render an award of damages against **DEQ** for alleged medical problems arising from **Pioneer's** pollution. Plaintiffs are asking the Court to coerce DEQ, through the prospect of liability, into regulatory actions which DEQ determined were unwarranted. The Court is being called upon to second guess DEQ's actions with regard to regulatory matters which did not exist as traditional civil matters when the 1974 Constitution was adopted and which were never delegated in the first instance to the judicial branch. Had the events at issue herein occurred prior to 1974, Plaintiffs' claims for damages would plainly have been directed against Pioneer alone. They still should be.

Plaintiffs may object that DEQ's policies on monitoring emissions and its decisions regarding issuance of public notice are not regulatory matters at all. They would be wrong. DEQ's regulation of Pioneer's activities includes issuance of permits allowing limited air emissions (R.S. 30:2055), as well as prohibitions of unpermitted emissions. DEQ's regulatory activities extend to requiring specific tests and reports (LAC 33:III. §909), investigation of pollution or complaints (R.S. 30:2054A), and surveillance activities (R.S. 30:2060F). Regulation of environmental matters also involves assessment of penalties (R.S. 30:2050.3), issuance of compliance orders (R.S. 30:2050.2), entering cooperative agreements (R.S. 30:2032), and issuance of public notices (R.S. 30:2050.1B;

R.S. 30:2050.7C; LAC 33:I.§101, et seq.; and LAC 33:III.§5107C and D.). Issuance of a public notice by DEQ is no less a regulatory function than issuance of a discharge permit. None of these activities have ever been delegated in the first instance by Louisiana's Legislature to the courts. All of them are regulatory matters which, as the Court found in *American Waste*, did not exist as traditional civil matters when the 1974 Constitution was adopted.

If the Plaintiffs are dissatisfied with a DEQ decision, they may, under the proper circumstances, request an adjudicatory hearing, ask for a declaratory ruling, or take an appeal as provided by law. (R.S. 30:2054.4; R.S. 30:2050.10; and R.S. 30:2050.21.) If DEQ has taken no action with respect to a site, Plaintiffs may, under the limitations set by law, file a citizen suit against the alleged polluter. (R.S. 30:2026.) Otherwise, Plaintiffs dissatisfied with DEQ regulation of a site must limit their recourse to the political process. *Sierra Club v. Givens*, 97-0959 (La. App. 1 Cir. 09/26/97), *writ denied*, 97-2661 (La. 01/09/98), 705 So.2d 1106. This is the comprehensive legal framework with which the Legislature has pre-empted the field in its entirety. It does not allow for Plaintiffs to demand money from DEQ on account of Pioneer's pollution, or on account of DEQ's regulation.

There are no doubt many good reasons for such a limitation, but one is especially compelling. Imagine if the Legislature had provided for DEQ to become liable for the damage caused by a polluter. The polluter would then have an incentive to game the system to allow it to shift at least some of its liability to DEQ. Whatever the circumstances needed to be to get DEQ on the hook for a share of the personal injury or property damages, the polluter would find it to his advantage to have those circumstances arise. If public notice is DEQ's responsibility and a noxious cloud has already reached a populated area, maybe it would be advantageous to de-emphasize a portion of a report to

DEQ that otherwise would highlight the need for notice. Such a perverse incentive is contrary to the public policy of the State of Louisiana. That policy emphasizes the need for a prompt and comprehensive response by the responsible party. (R.S. 30:2060H; see also, R.S. 30:2203.) DEQ is not a responsible party. That policy also requires the polluter to pay for the damage caused by his pollution. (See R.S. 30:2271, "The state cannot and should not bear the costs associated with a private profit making venture.") There is no mixed message in this policy. Plaintiffs' damage claims against DEQ must be dismissed. The case should proceed against Pioneer as the party responsible for the emissions.

DEQ adopts and incorporates herein by reference the more detailed arguments set forth in Section II of its Memorandum in Opposition to Motion to Remand (Document #10). Those arguments set forth the public law nature of DEQ's responsibilities, and contrast them with the private law nature of Plaintiffs' claims. For all the foregoing reasons, DEQ should be dismissed, with prejudice, from this litigation.

**Respectfully submitted,**
**HONORABLE CHARLES C. FOTI, JR.**
**Attorney General**

BY: *[signature]*

WILLIAM M. HUDSON, III (#1970)
CLIFTON O. BINGHAM, JR. (#3052)
PATRICK B. MCINTIRE, T.A. (#17052)
DAVID A. PETERSON (#22591)
**Special Assistant Attorney Generals**
**OATS & HUDSON**
**A Partnership of Professional Corporations**
Gordon Square, Suite 400
100 E. Vermilion Street
Lafayette, LA 70501
Telephone: 337-233-1100
Facsimile: 337-233-1178

COUNSEL FOR LOUISIANA DEPARTMENT
OF ENVIRONMENTAL QUALITY

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Memorandum in Support of Motion to Dismiss has this date been forwarded to all known counsel of record by placing same in the United States Mail, postage prepaid and properly addressed to them.

Lafayette, Louisiana, this 5th day of April, 2006.

_____
**PATRICK B. MCINTIRE**